UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMMY WARREN,

                Plaintiff,

   v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:17-cv-05035-RBL

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Dkt. #3

THIS MATTER is before the Court on Plaintiff Warren's Complaint [Dkt. 3] for review of the Social Security Commissioner's denial of her applications for disability insurance and supplemental security income benefits.

Warren suffers from chronic obstructive pulmonary disease, anxiety, affective disorder, and substance addiction. *See* Dkt. 7, Administrative Record 15. She applied for disability insurance and SSI benefits in November 2013, alleging she became disabled in June 2010. *See* AR 13. Those applications were denied upon initial administrative review and on reconsideration. *See id*. A hearing was held before Administrative Law Judge Kelly Wilson in June 2015. *See id*. Warren, represented by a non-attorney representative, appeared and testified, as did a vocational expert. *See* AR 39-87.

The ALJ determined Warren not to be disabled. *See* AR 10-38. The Appeals Council denied Warren's request for review, making the ALJ's decision the final decision of the

ORDER - 1

Commissioner of Social Security. *See* AR 1-7; 20 C.F.R. §§ 404.981, 416.1481. In January 2017, Warren filed a complaint seeking judicial review of the Commissioner's decision. *See* Dkt. 3.

Warren argues the Commissioner's decision to deny benefits should be reversed and remanded for an immediate award of benefits or for further administrative proceedings because the ALJ erred in evaluating the medical evidence in the record, Warren's testimony, and the lay witness testimony, and therefore in finding at step five of the sequential evaluation process that Warren could perform work available in the national economy.

The Commissioner argues the ALJ did not err in evaluating the medical evidence, Warren's testimony, or the lay witness testimony, so the ALJ's finding that Warren was not disabled was supported by substantial evidence and should be affirmed.

## I. DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test

ORDER - 2

requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

**A.     The Medical Evidence in the Record.**

The ALJ determines credibility and resolves ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

"by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. In general, more weight is given to a treating or examining physician's opinion than to the opinions of those who do not examine the claimant. *See id.* at 830.

Warren argues the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of evaluating psychologist Terilee Wingate, Ph.D. *See* Dkt. 9 at 2-7. The Court agrees.

Wingate examined Warren in October 2013 and opined that, because of Warren's mental impairments, she would be markedly limited in her ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, communicate and perform effectively, maintain appropriate behavior, and complete a normal workday without interruptions from psychologically-based symptoms. *See* AR 343-44. Wingate also concluded Warren would be moderately limited in her ability to perform several other basic work functions. *See id.*

The ALJ gave Wingate's opinion little weight because it was "not consistent with the longitudinal treatment record" and because mental status examinations throughout the record

ORDER - 4

demonstrated greater ability. *See* AR 29-30. First, insofar as the ALJ was attempting to provide two separate reasons for discounting Wingate's opinion, the ALJ's statement that the opinion contradicted the longitudinal treatment record cannot stand alone as a sufficient reason because it is not specific. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (finding that an ALJ errs by assigning a medical opinion little weight while doing nothing more than "criticizing it with boilerplate language that fails to offer a substantive basis" for that conclusion).

Still, as the ALJ also claimed here, a physician's opinion may be discounted if that opinion contradicts clinical findings in the record. *See Batson*, 359 F.3d at 1195; *see also* AR 29-30. However, the MSEs cited by the ALJ are not directly inconsistent with Wingate's opinion regarding Warren's limitations in social functioning. *See* AR 29-30.[2] The MSEs contained largely normal, mild, or moderate findings regarding Warren's limitations in cognitive functioning, rather than social functioning. *See* AR 344-45, 354, 357, 419, 422, 431-32, 439-40. These MSEs also included social findings of dysphoric mood, blunted affect, or depressed and anxious presentation. *See* AR 344-45, 357, 422, 431. Another note cited by the ALJ as inconsistent with Wingate's opinion, though not containing a full MSE, contained clinical findings of depressed behavior, constricted affect, and monotonous speech. *See* AR 497. Therefore, substantial evidence does not support the ALJ's finding that Wingate's opinion that Warren would have several social limitations in a full-time workplace contradicted the clinical findings in the record.

The Commissioner argues the ALJ reasonably gave little weight to Wingate's opinion because the opinion was improperly reliant on Warren's self-reports. *See* Dkt. 10 at 13-14.

---

[2] The Court notes that some of the pages cited by the ALJ as MSE results contained only basic neuropsychiatric findings recorded by nurses and general practitioners as part of physical examinations. *See* AR 395, 402-03.

ORDER - 5

However, the ALJ only used this reasoning in discounting Wingate's February 2010 opinion. *See* AR 28-29. Accordingly, the ALJ only cited examples of Wingate's alleged reliance on self-reports from that 2010 evaluation, from which Wingate formed a different opinion about Warren's abilities than she formed in later evaluations. *See id*. The ALJ did not use this reasoning while discussing Wingate's 2013 opinion. *See* AR 29-30; *see also Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's decision based on evidence ALJ did not discuss). Regardless, substantial evidence would not support this reasoning, as Wingate made clinical observations, reviewed Warren's medical history, and performed objective testing in addition to gathering Warren's self-reports in the 2013 evaluation. *See* AR 341-49.

The Commissioner also argues Wingate assessed Warren with limitations that would only last nine months, not meeting the one-year duration requirement. *See* Dkt. 10 at 14. Again, this argument only applies to Wingate's 2010 evaluation. *See* AR 355. In 2013, Wingate assessed Warren with more severe limitations and opined that they would last more than 12 months. *See* AR 344. Therefore, the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount Wingate's 2013 opinion.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination on whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard

ORDER - 6

to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Had the ALJ fully credited Wingate's opinion, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. For example, Wingate stated Warren was markedly limited in her ability to maintain regular attendance, but the vocational expert testified employers would only tolerate one day of absenteeism a month. *See* AR 85-86, 343-44. Therefore, the ALJ's error affected the ultimate disability determination and is not harmless.

**B.      Scope of Remand.**

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). When the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). It is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, while the ALJ erred in evaluating Wingate's opinion, issues remain regarding conflicts in

ORDER - 7

the medical opinions over Warren's functional capabilities. Remand for further consideration is warranted.

## CONCLUSION

The Court concludes the ALJ improperly decided Warren was not disabled. The Commissioner's decision to deny benefits is REVERSED, and this matter is REMANDED for further administrative proceedings as detailed in this order.

DATED this 8th day of August, 2017.

Ronald B. Leighton
United States District Judge

ORDER - 8